

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 13, 1939

Honorable Max W. Boyer
Chairman of Committee on Criminal Jurisprudence
Austin, Texas

Dear Mr. Boyer:                    Opinion No. O-878
                                   Re: H.B. No. 1133

  Your letter of June 12 requesting, in behalf of
the Committee on Criminal Jurisprudence, an opinion con-
cerning the constitutionality of a pending House Bill, has
been received and given careful consideration. In order to
identify the Bill in question, and for convenience, we quote
your letter, which is as follows:

  "I have been requested by the Com-
mittee on Criminal Jurisprudence to re-
quest an opinion from you concering
the constitutionality of a House Bill
now pending before this Committee. This
proposed measure deals with the matter
of the State of Texas instituting suits
to enjoin the receiving and collection
of interest in excess of that authorized
by law, and from engaging in the busi-
ness of making loans whereon usurious

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

interest is charged.

"You will find attached hereto a
copy of this measure, and the writer
will greatly appreciate an opinion upon
this measure as soon as possible."

Your letter does not undertake to detail the provisions of the pending House Bill, but we have, of course, taken those provisions into consideration in arriving at the answer to your request for an opinion.

It is believed that the makers of the Constitution were not so much concerned in fostering private law suits between the borrower and lender who, in every case, are the interested private parties to a usurious loan contract, as they were to prevent usury. The prevention of usurious charges upon loans is a matter of state policy, as often declared by the courts, and as shown by Section 11, Article XVI, of the Constitution, which, in material part, provides:

"All contracts for a greater rate
of interest than ten per centum per annum, shall be deemed usurious, and the
first Legislature after this amendment
is adopted, shall provide apropriate
pains and penalties to prevent the
same; - - - " (Underscoring ours.)

It will thus be seen that the pains and penalties which the Constitution mentions, and upon which the Legislature was commanded to act, were only a means to prevent the charging of usurious interest on loans of money. The House Bill in question is obviously drawn for the purpose of granting express statutory authority to the Attorney General to institute suit in the name of and on the behalf of the State to enjoin and suppress an evil which has grown into a public wrong by reason of the fact, as in effect declared in the Bill, that a class of persons are arrogating to themselves the prerogative of carrying on the business of "habitually loaning money for the use and detention of which" usurious interest is being charged, outside of and in defiance of the Constitution.

It is set forth in the emergency clause of this Bill "that the usury laws of Texas are being flagrantly violated and unconscionable charges are being made by many lenders, and the fact that such practice is general in many part of the State, and that the present Statutes of Texas are inadequate to afford protection to the public generally against such unlawful and unconscionable practice creates an emergency, and an imperative public necessity that the constitutional rule requiring bills to be read on three several days be suspended", etc.

The enacting of this Bill by the Legislature will constitute a legilative finding of the existence of the facts set forth in the emergency clause, and will afford ample justification, if such were legally necessary, to authorize the Legislature to enact a law which will supply to the Attorney General the authority to proceed in behalf of the State for the purposes and in the manner specifically defined in this Bill, and which authority the Attorney General does not now possess, according to a recent decision by the Supreme Court of this State.

The fact that no such authority now exists in the Attorney General presents no constitutional grounds for the Legislature to deny such authority. Section 22 of article IV, of the Constitution, after enjoining u on the Attorney General the performance of only a few express duties, provides that he shall "perform such other duties as may be required by law". The quoted phrase means, of course, that such other duties must be enacted into law by the Legislature. By virtue of this special grant, as well as other grants contained in the Constitution, it is within the "power of the Legislature to create additional causes of action in favor of the State, and to make it the exclusive duty of the Attorney General to prosecute such suits". From time to time the Legislature has seen fit to

so confer additional authority upon the Attorney General, and to create new causes of action. Tex. Jur., Vol. 6, p. 776; Maude vs. Terrell, 109 Tex. 97, 200 S.W. 375; Brady vs. Brookes, 99 Tex. 265, 89 S.W. 1052.

In the recent case of Ex Parte Emory R. Hughes, the Supreme Court, in an opinion not yet published, held that without such legislation as embodied in the pending Bill, the Attorney General could not proceed in equity against Hughes and others by reason of the causes substantially defined in the pending Bill. The opinion of the Supreme Court in that case, however, although negatively expressed, affords ample basis for, and recognizes, the constitutional power in the Legislature to enact this Bill into law. The Court said, in part:

"If the Attorney General or County
Attorney, or both of them, have the right
or power to institute and prosecute such
suit in the district court, such court
has power or jurisdiction to grant the
injunctive relief sought. On the other
hand, if neither the Attorney General
nor the County Attorney has the right or
power to institute and prosecute such
suit in the district court, it must fol-
low that the district court is without

jurisdiction to grant the injunctive relief sought . . .

"When the State, through its proper officers, invokes the jurisdiction of a court of equity to abate a nuisance, it must be shown either that the action is directly authorized by some constitutional or statutory law, or that such nuisance is an injury to the property or civil rights of the public at large, - that is, to the public generally". . .

"A careful study of our usury statutes discloses that . . . no effort is made to award the State any remedy, or to give the State, as such, or the general public any interest whatever in the matter. No effort is made to allow any officer of the State any right or power pertaining to usury . . .

"No statute creates, or attempts to create, a public nuisance out of the violation of usury laws, and no statute grants any public officer, or the State, as such, the right or power to institute in our courts legal proceedings to enforce such

laws by injunction, or in any other way."  (Underscoring ours.)

No argument is necessary to show that the reason, and only reason that the Supreme Court held that the Attorney General could not proceed in the name of the State against the relator Hughes and the other persons involved in that proceeding to enjoin them from charging and collecting usurious and unconscionable charges for loans of money, was because the Legislature had theretofore been remiss in not passing a law which would have authorized the Attorney General to so proceed in the name of the State.  To paraphrase the language of the Supreme Court:  When the Legislature shall have conferred upon the Attorney General the right and power to institute and prosecute such a suit in the District Court, such Court will then have the power and jurisdiction to grant the injunctive relief in the manner and to the extent as is provided in the pending Bill.

It is, therefore, the opinion of this department that this Bill is constitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    s/ Wm. F. Moore

Wm F. Moore
First Assistant

WFM:FG    APPROVED
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED Wm